FILED
2018 MAR 28 PM 12: 15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.

CBS CORPORATION d/b/a CBS NEWS,
and BRIAN CONYBEARE,

    Defendant(s).

CIVIL ACTION NO.
6:18-cv-466-ORL-40TBS

## COMPLAINT

Plaintiff, NIKLESH PAREKH, Pro Se, hereby sues CBS CORPORATION d/b/a CBS NEWS (hereinafter "CBS News") and BRIAN CONYBEARE (hereinafter "Conybeare"), individually and official capacity; and, in support thereof, alleges as follows:

### I. JURISDICTION AND VENUE

1. This is a civil action based upon Diversity Jurisdiction, authorizes by 28 U.S. Code § 1332 because the parties are citizens of different states. This Court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1967.

1

2. The United States District Court for the Middle District of Florida's Orlando Division is and appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PRELIMINARY STATEMENT

3. This case is about repeated acts of defamation and libel per se committed by the CBS News/CBS Corporation and Brian Conybeare, and its reporters against a business man who was the victim of a Cancer scam. Specifically, in an exclusive television news article published in both the hardcopy and television reporting, along with online editions of the CBS News on April 2, 2017. Defendants falsely, maliciously and with reckless disregard for the truth stated that there was no such doctor, which is crucial evidence in plaintiff's innocence, and even went to the extent of claiming that there is no such doctor registered in the State of New York. Plaintiff gave this same information to the federal authorities, to-wit: the Federal Bureau of Investigation, who contacted Memorial Sloan Kettering Cancer Center, met with this doctor at Sloan Kettering and interviewed her.

4. Defendants also falsely, maliciously and with reckless disregard for the truth stated as a fact that the Plaintiff suddenly moved to Florida because of suspicion within the community about his involvement in the scam when defendant was provided facts showing otherwise.

5. Defendant also posted Plaintiff's pictures with the perpetrator and went to the extent of photo-shopping pictures to falsely, on purpose, maliciously and with reckless disregard for the truth and to give the public the wrong impression about Plaintiff. These statements are false, have subjected the Plaintiff to humiliation, scorn and ridicule

throughout the world by falsely portraying him as a scam or as a man who lied for money and this constitute defamation and libel *per se*.

### III. PARTIES

6. Plaintiff, a male resident of Orlando Florida, previously living in Westchester, New York, is a business man.

7. Defendant CBS News, publishes one of the largest and most influential television new broadcasts in the country, along with television and internet broadcasts, and it is read and viewed each day by hundreds of thousands of people all over the world, including on the World Wide Web.

8. Defendant Brian Conybeare is, and was at all relevant times herein, a reporter with CBS News, who, upon information and belief, currently resides in the State of New York.

9. CBS News and Conybeare are located at CBS Headquarters, 51 W. 52nd Street, New York, NY 10019-6188, with a telephone number of 1-212-975-4321.

### IV. FACTUAL ALLEGATIONS

10. In February of 2016, Mr. Nikhlesh Parekh, Plaintiff found out that the Vediutie Hoobraj a/k/a Shavonie Deokaran, the perpetrator, had lied about having cancer (Leukemia).

11. After finding out the truth Plaintiff called the local authorities including the media to expose the truth about this scam that he was pulled into by the perpetrator including being the main witness and working with the FBI to bring the perpetrator to justice.

12. In an apparent desperate attempt to bolster its rapidly plunging ratings and reputation, Defendant CBS News and Conybeare, ran a defamatory (exclusive) TV article regarding the Plaintiff on April 2, 2017, which, with the intent to cause or recklessly cause the Plaintiff to suffer severe emotional distress, falsely, maliciously and/or with reckless disregard for the truth stated as a fact that the Plaintiff "suddenly moved to Florida because of suspicion within the community" and that this "doctor in question who was contacted by the FBI, interviewed by the FBI, and is associated with Memorial Sloan Kettering Cancer Center, is not a doctor at Memorial Sloan Kettering Cancer Center. Defendant given an exclusive and in a rush to publish this television reporting falsely, maliciously and with reckless disregard for the truth, with the intent to defame Plaintiff reported that Defendant "contacted Memorial Sloan Kettering Cancer Center and that Memorial Sloan Kettering Cancer Center claimed that there is no such doctor associated with Memorial Sloan Kettering Cancer Center" and Defendant falsely, maliciously and with reckless disregard for the truth even went the extra mile to claim that there is no such doctor registered in New York State.

13. In fact, plaintiff provided this factual information to local and federal authorities and federal authorities contacted Memorial Sloan Kettering Cancer Center, who confirmed that there is such doctor with Memorial Sloan Kettering Cancer Center. Federal authorities met with this doctor at Memorial Sloan Kettering Cancer Center and interviewed her. Accompanied is EXHIBIT A – Indictment copy from the federal authorities which clearly shows that agents from the United States Federal Bauru of

Investigation (*see*, Page 7, subparagraph 13) contacted Memorial Sloan Kettering Cancer Center, met with this doctor and interviewed her.

14. This CBS News report is available on-line, published by the Defendant(s) at : http://newyork.cbslocal.com/2017/04/02/westchester-cancer-scam-allegations/ (Last Viewed March 23rd, 2018), attached hereto as Plaintiff's Exhibit B.

15. Defendants knew, or should have known, the falsity of such statements before they were published in CBS TV News for the world to see.

16. Evidenced by the Sealed Complained filed by Assistant United States Attorney Vladislav Vainberg, before The Honorable Lisa Margaret Smith, United States District Judge for the Southern District of New York on or about the 10th day of August, 2017, which has been publicly available to the Defendants since that date, and available at https://www.justice.gov/usao-sdny/press-release/file/989166/download (Last Viewed March 23rd, 2018), attached hereto as Plaintiff's Exhibit A. The Defendants know or should know that the statements about the Plaintiff are false, slanderous, and defamatory *per se* as they have caused Plaintiff to suffer severe personal harm to his reputation as well as financial loss in his business dealings. Plaintiff's multiple written requests to have a retraction done by the Defendants, the Defendants have ignored all requests and refused to retract there knowingly false statements, which continues to cause Plaintiff to suffer severe personal harm to his reputation as well as financial losses in his business dealings.

17. On or about April 2, 2017, Defendants CBS News and Conybeare published a false, malicious and with reckless disregard for the truth a defamatory TV report,

purposely and to give a public false information and impression about Plaintiff, posted Plaintiffs picture with the perpetrator to miss lead the public and defame him.

18. In fact, Defendant requested Plaintiff to send Defendant pictures of him and perpetrator together to which Plaintiff specifically told Defendant not to post his pictures with the perpetrator for the simple fact that Plaintiff wanted to distance himself from the perpetrator. Defendant maliciously and in a rush to put out this EXCLUSIVE TV interview, went out of his way to find pictures on his own of Plaintiff and perpetrator despite repeated demands to Defendant not to do so. These false and scurrilous pictures constituted defamation and libel *per se* committed against the Plaintiff.

19. Defendant CBS News and Conybeare knew, or should have known, that these picture(s) of Plaintiff with perpetrator would portray a very different picture about Plaintiff in the public's eye all over the world and still went ahead and published it.

20. On or about April 2, 2017, Defendant CBS News and Conybeare published a false and defamatory TV report, with pictures of Plaintiff with the perpetrator and falsely stated that , "Defendant contacted Memorial Sloan Kettering Cancer Center regarding this doctor in question and that Memorial Sloan Kettering Cancer Center confirmed that there was no such doctor associated with Memorial Sloan Kettering Cancer Center and went the extra mile to report that there is no such doctor registered in the State of New York.

21. In fact, the existence of this doctor is a fact and has been verified by the United States Federal Bureau of Investigation, who were given the same information as to Defendants. Agents from the United States Federal Bureau of Investigation (FBI),

contacted Memorial Sloan Kettering Cancer Center, verified that this doctor is associated with Memorial Sloan Kettering Cancer Center, met with the doctor at Memorial Sloan Kettering Cancer Center and interviewed the doctor. Accompanied as EXHIBIT A is the indictment from the federal authorities in this matter (*see*, Page 7, subparagraph 13) which clearly states that the agents from the FBI met and interviewed this doctor at Memorial Sloan Kettering Cancer Center. "This and these absolutely false and scurrilous statement(s) constituted defamation and libel *per se* committed against the Plaintiff by Defendants.

22. Defendant CBS News and Conybeare knew, or should have known, that this statement was false before it was published in an EXCLUSIVE TV interview.

23. On or about April 2, 2017, Defendant CBS News and Conybeare published a false and defamatory TV EXCLUSIVE Interview, with pictures of Plaintiff with perpetrator and stated that Plaintiff, "suddenly moved to Florida because of suspicion within the community. In fact, Plaintiff was asked this question by the local and federal authorities including Defendants and Plaintiff told the authorities and Defendant that the reason Plaintiff moved to Florida was not because of any suspicion within the community but rather that the perpetrator stated that she was given 18 months to live and New York was too cold for her and we had to move to Florida. This statement of Plaintiff was given to authorities in a sworn statement under oath and to the Plaintiff in an hour long recorded exclusive interview. Despite knowing the facts Defendant falsely, on purpose, maliciously and with reckless disregard for the truth published false, defamatory and

misleading information in their TV reporting. "This false and scurrilous statement constituted defamation and libel *per se* committed against the Plaintiff.

24. Defendant CBS News and Conybeare knew, or should have known, that this statement was false before it was published.

25. Defendants either published, or caused to be published, defamatory statements about the Plaintiff. Defendant(s), jointly and severally, had a duty to reasonably investigate to assure that the statements being published by them were true and accurate.

26. Defendant's failed to exercise reasonable care in their investigation of the facts at issue, causing Plaintiff to suffer severe damages as a direct and proximate cause of their actions, inactions, fault or negligence.

27. Moreover, the Federal Bureau of Investigation conducted their investigation and went out of their way to reach Dr. Rekha Parameswaran, M.D., and confirmed that Dr. Parameswaran was in fact a duly licensed medical doctor employed at the Memorial Sloan Kettering Cancer Center before August 10, 2017.

28. Accompanied please see EXHIBIT A, which is the indictment report from the FBI (*see*, Page 7, subparagraph 13) that agents from the FBI met with this doctor and interviewed her. On the other hand, the defendants in an EXCLUSIVE TV report state that Defendants contacted Memorial Sloan Kettering Cancer Center and that Memorial Sloan Kettering Cancer Center confirmed that there is no such doctor associated with Memorial Sloan Kettering Cancer Center and Defendants even went the extra mile to claim that there is no such doctor registered in the State of New York.

29. Specifically, these defamatory statements included a false assertion that Plaintiff "is a scam, and SUDDENLY moved to Florida because of suspicion."

30. These defamatory statements also included a false assertion that Plaintiff provided false information to local and federal authorities including Defendant. Defendant was provided the same information which was provided to local and federal authorities under oath. Defendant was given an hour long exclusive interview via skype with the same information that was provided to authorities, which Defendants verified. Defendants falsely, on purpose, maliciously and with reckless disregard for the truth had already deemed Plaintiff guilty by association and printed, spoke false information regarding Plaintiff to defame him, including reporting the same on the television, which they published on the internet as well.

31. These defamatory statements were untrue and defamatory in that they falsely reported the Plaintiffs character and actions, and Defendants knew, or should have known, that such statements were false.

32. Defendants published these false and defamatory statements with malice.

33. Defendants published these false and defamatory statements with knowledge of their falsity and/or with a reckless disregard for the truth or falsity of these statements.

34. These statements constitute defamation and/or libel *per se* because they falsely portray the Plaintiff as a man who is a dishonest man and scams people for money.

35. These statements constitute defamation and/or libel *per se* because they falsely impugn the Plaintiffs honesty, trustworthiness, dependability, and professional fitness and abilities by falsely charging him with engaging in criminal conduct and/or other conduct

that would tend to injure the Plaintiff in his trade or business, namely as a services company.

36. These false and defamatory statements have caused the Plaintiff embarrassment, humiliation and emotional injury.

37. Defendants are liable to the Plaintiff for defamation.

38. Defendants knew, or should have known, of the falsity of such statements made in the CBS News TV article on April 2, 2017.

39. Upon information and belief, Defendants have made, and continue to make, this and similarly false and defamatory statements about the Plaintiff to third parties.

40. As a result of said defamation, the Plaintiff continues to suffer from humiliation, loss of standing in the community, loss of self-esteem, public disgrace and severe and extreme emotional distress.

41. The defamatory acts committed against the Plaintiff by Defendants were intentional, willful, wanton, malicious and oppressive and were motivated, in part, by a desire to get an EXCLUSIVE STORY without regard for the truth or the Plaintiffs well-being and were based on a lack of concern and ill-will towards the Plaintiff and/or a deliberate or reckless disregard for his rights, for which the Plaintiff is entitled to an award of punitive damages.

42. The Plaintiff has suffered harm as a result of the defamatory statements including, but not limited to, reputational harm, emotional distress and mental anguish and the statements were defamatory *per se*.

43. As a result of Defendants' conduct, the Plaintiff is entitled to monetary and punitive damages, due to the damages that he sustained as a direct and proximate cause of the actions, inaction, fault and negligence of the Defendants complained of herein.

44. Defendants engaged in conduct toward Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in a civilized society.

45. Among other conduct, Defendants' repeated false, scurrilous and defamatory statements published in the CBS News TV report on April 2, 2017 that the Plaintiff "suddenly moved to Florida because of some suspicion within the community," "posted pictures of Plaintiff with perpetrator," "provided absolutely false information regarding this doctor in question who the federal authorities met and interviewed", when Defendants knew, or should have known about the falsity of those statements, constitutes extreme and outrageous conduct that exceeds the bounds of decency in a civilized society.

46. By their actions and conduct, Defendants intended to and did intentionally or recklessly cause the Plaintiff to suffer severe emotional distress.

47. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, severe emotional distress, for which he is entitled to an award of damages.

48. Defendants' extreme and outrageous conduct was knowing, malicious, willful and wanton, entitling the Plaintiff to an award of punitive damages.

49. All of the Quotations of Defendant herein are as close to what was actually said as Plaintiff can recollect, however, as previously stated hereinabove, the false and

defamatory assertions made by the Defendant(s) is available at: http://newyork.cbslocal.com/2017/04/02/westchester-cancer-scam-allegations/ (Last viewed on March 23rd, 2018).

## V. **LEGAL CLAIMS**

Plaintiff hereby incorporates the foregoing paragraphs 1 through 49, as if fully set forth herein.

50. CBS News and Conybeare, both jointly and severally, had a duty as reporter(s) to exercise reasonable care to assure that the information that they publish in stories is true and accurate.

51. CBS New and Brian Conybeare, both jointly and severally, had a duty as reporter(s) to exercise reasonable care, both ethically and legally, to conduct an adequate investigation to assure that the information they report and/or publish is accurate.

52. Neither CBS New, it's agents, officers, or employees, conducted any interview whatsoever with regards to Dr. Rekha Parameswaran, M.D., though in the afore-cited TV news article published by CBS New and Conybeare, claim they in fact did.

53. In fact, the existence of this doctor is a fact and has been verified by the United States Federal Bureau of Investigation, who were given the same information as to Defendants. Agents from The United States Federal Bureau of Investigation (FBI), contacted Memorial Sloan Kettering Cancer Center, verified that this doctor is associated with Memorial Sloan Kettering Cancer Center, met with the doctor at Memorial Sloan Kettering Cancer Center and interviewed the doctor. Accompanied as EXHIBIT A is the indictment from the federal authorities in this matter (*see*, Page 7, subparagraph 13)

which clearly states that the agents from the FBI met and interviewed this doctor at Memorial Sloan Kettering Cancer Center.

54. CBS News and Conybeare reported in the afore-cited published TV news story that Plaintiff moved to Florida when suspicion arrive within the community, which is absolutely false. In fact, Plaintiff was asked this question by the authorities including Defendants and Plaintiff told the authorities and Defendant that the reason Plaintiff moved to Florida was not because of any suspicion within the community but rather that the perpetrator was given 18 months to live and New York was too cold for her and we had to move to Florida.

55. This statement of Plaintiff was given to authorities in a sworn statement under oath and to the Plaintiff in an hour long exclusive interview. Despite knowing the facts Defendant falsely, on purpose, maliciously and with reckless disregard for the truth published false, defamatory and misleading information in their TV reporting.

56. CBS News and Conybeare reported in the afore-cited published TV news story containing photographs of the Plaintiff with the Perpetrator of the cancer scam when the Defendants agreed that they would not Publish photos of the Plaintiff with the Perpetrator. In fact, Defendant requested Plaintiff to send Defendant pictures of him and perpetrator together to which Plaintiff specifically told Defendant not to post his pictures with the perpetrator for the simple fact that Plaintiff wanted to distance himself from the perpetrator. Defendant maliciously and in a rush to put out this EXCLUSIVE TV interview, went out of his way to find pictures on his own of Plaintiff and perpetrator despite repeated demands to Defendant not to do so.

13

57. CBS News and Conybeare reported in the afore-cited published TV news story that Plaintiff engaged in criminal activity; and acted in a way unbecoming of Plaintiff's profession.

58. As a direct and proximate cause of the Defendant(s) negligence, both joinly and severally, also imputed pursuant the doctrine of *respondeat superior*, falsely reporting and publishing the foregoing defamatory new article, on television, on the internet, and in print, the Defendant has sustained damages in this profession, business, and personal life.

59. As a direct and proximate cause of the Defendant(s) negligence, both jointly and severally, also imputed pursuant the doctrine of *respondeat superior*, falsely reporting and publishing the foregoing defamatory TV news article, on television, on the internet, and in print, the Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Prays that the Court enter judgment in his favor and against Defendants, containing the following relief, jointly and severally against each defendant:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein were defamatory and intentionally or recklessly cause the Plaintiff to suffer severe emotional distress;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct; and ordering the Defendant's to publish a retraction of the defamatory article complained of herein;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate the Plaintiff for all monetary and/or economic harm;

**D. An award of $15 million dollars in presumed damages (or an amount to be determined at trial), plus Prejudgment interest, to compensate the Plaintiff for the malicious, defamatory conducts by the Defendants resulting in the Plaintiff's on-going distress from humiliation, shame, and mortification; including but not limited to financial damages in Plaintiff's professional and personal reputations, causing the loss of opportunities in raising multimillion investments, and detrimental losses in expected sales of his company.**

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by the Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages of $5 million dollars;

G. An award of costs that the Plaintiff has incurred in this action;

H. An award of Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and,

I. Such other and further relief as the Court may deem just and proper.

Dated: March 30, 2018

Respectfully Submitted,

NIKHLESH PAREKH

<u>/s/ Nikhlesh Parekh</u>
NIKHLESH PAREKH, Pro Se
4683 Summeroak Street, Suite 2105
Orlando, Florida 23835
(914) 305-0338

samosanyc@gmail.com