UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                    Case No:   6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants' Motion for Attorneys' Fees (Doc. 43) and the supporting declaration of attorney Deanna K. Shullman (Doc. 44). On September 5, 2018, the Court denied Plaintiff's Motion to Compel Defendants to Produce Discovery Documents (Doc. 39). At that time, the Court determined that Defendants are entitled to an award of their reasonable attorney's fees incurred in bringing the motion and directed them to file an application for fees within fourteen days from the rendition of that Order (Id., ¶ 6-7). On September 17, 2018, Defendants filed the instant motion seeking $3,055.00 in attorneys' fees (Doc. 43). They also filed Ms. Shullman's declaration which contains an explanation of the requested fees (Doc. 44, ¶¶ 11-12). Plaintiff has not filed a response in opposition[1] and the time to do so has passed; therefore, I will treat the motion as unopposed. Cf. Barns v. Butch, No. 5:10-cv-426 (MTT), 2011 U.S. Dist. LEXIS 131500, at *2 (M.D. Ga. Nov. 15, 2011); United

---

[1] In his response to Defendants' Motion to Compel FBI Authorization, Plaintiff states that Defendants' misrepresented his inability to pay fees with his unwillingness to pay fees (Doc. 47 at 2). Plaintiff did not challenge the amount of fees sought by Defendants and "acknowledge[d] that he failed to follow rules on his motion to compel" (Id.).

States of America v. Fitzgerald, Case No. 8:07-cv-1374-T-24-TBM, 2009 U.S. Dist. LEXIS 82747, at *2-3 (M.D. Fla. June 23, 2009); Pierre-Louis v. Martinez, No. 12-CV-2240 (NGG) (LB), 2014 WL 4161960, at *2 (E.D.N.Y. Aug. 19, 2014).

The Court employs the lodestar approach as the first step in calculating a reasonable fee for counsel's services. Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 , 461 U.S. 424, 76 L.Ed.2d 40 (1983); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299. 1145, 1150-1151 (Fla. 1985); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Storfer v. Guarantee Trust Life Ins. Co., 666 F.3d 1277, (11th Cir. 2011) (citing Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991).

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 109 S.Ct. 939, 489 U.S. 87, 103 L.Ed.2d 67 (1989)).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained. Storfer v. Guarantee Trust Life Ins. Co., 666 F.3d 1277, (11th Cir. 2011) (citing Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The attorney fee applicant should present records detailing the amount of work performed. Once the prevailing party produces adequate billing records, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mutual Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, * 9 (M.D. Fla. January 25, 2012) (quoting Centex-Rooney Const. Co., Inc. V. Martin County, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999).

The Court has considered the the legal skill required to perform the work competently, and the skill and experience of the attorneys who staffed the matter. Now, after due consideration, the Court finds that the billable hours for which reimbursement is sought were reasonably expended by counsel for Defendants.

Next, the Court must calculate reasonable hourly rates for counsel. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. Id. The rates charged by Defendants' attorneys are reasonable for the services rendered.

Based upon these findings, the motion (Doc. 43) is **GRANTED** and $3,055.00 for attorneys' fees is taxed in favor of Defendants and against Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
*Pro se* Plaintiff