UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                         Case No: 6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants' Motion to Compel FBI Authorization, or in the Alternative, Order of Preclusion (Doc. 46). Plaintiff opposes the motion (Doc. 47).

### Background

*Pro se* Plaintiff, Niklesh Parekh is suing Defendants, CBS Corporation d/b/a CBS News and reporter Brian Conybeare for negligence, defamation, and libel (Doc. 1). His claims stem from a news report that was televised and published online and in print, concerning a cancer scam perpetrated by Plaintiff's then girlfriend, Vediutie Hoobraj a/k/a Shavonie Deokaran ("Hoobraj") (Id., ¶¶ 3, 10). Hoobraj lied about having Leukemia to obtain donations from her local community. Plaintiff states that he was one of Hoobraj's unwitting victims and notified local authorities and the media once he learned the truth of her scheme (Id., ¶11). He claims that even though he reached out to the media, Defendants publicly portrayed him as a co-conspirator in the scam thereby ruining his reputation (Id., ¶¶ 5, 12, 16-17). Plaintiff specifically alleges that Defendants "posted Plaintiff's pictures with the perpetrator and went to the extent of photo-shopping pictures

to falsely, on purpose, maliciously and with reckless disregard for the truth and to give the public the wrong impression about Plaintiff." (Id., ¶ 5). Plaintiff claims Defendants said he "suddenly moved to Florida because of suspicion within the community" once it was confirmed that Hoobraj's treating physician did not exist (Id., ¶¶ 12, 45). Plaintiff also alleges that Defendants "false[ly] assert[ed] that [he] provided false information to local and federal authorities including Defendant" (Id., ¶ 30). Plaintiff claims that Defendants reported a version of the story that implicated him in the criminal scheme even though he cooperated with the FBI and provided evidence that exculpated him. He filed this lawsuit on March 28, 2018, claiming that Defendants "failed to exercise reasonable care in their investigation" and "knew, or should have known, the falsity of such statements before they were published in CBS TV News for the world to see." (Id., ¶¶ 15, 17, 22, 25-26, 31, 34-35). Plaintiff alleges that Defendants' actions harmed his reputation, trade/business, as well as causing him "embarrassment, humiliation, and emotional injury" (Id., ¶¶ 35-36, 40, 47). On August 1, 2018, the Court entered a Case Management and Scheduling Order which established a November 21, 2018 deadline for the completion of all discovery (Doc. 35 at 1).

## Discussion

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a

motion requiring judicial intervention. S.L. Sakansky & Assoc., Inc. v. Allied Am. Adjusting Co. of Florida, LLC, No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. Jul. 6, 2007).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). "A party should tailor discovery requests to the needs of each case. The content of the requests should apply to the particular case, and the form of discovery requested should be the one best suited to obtain the information sought. In each case a party should carefully determine which discovery methods will achieve the discovery goal of obtaining useful information as efficiently and inexpensively as possible …" Middle District of Discovery (2015) at 4-5.

The Court expects that all parties will cooperate in discovery and will appropriately respond to discovery requests. Kalzip, Inc. v. TL Hill Construction, LLC, Case No. 8:11-cv-1842-T-27TBM, 2013 WL 12159343, *1 (M.D. Fla. Mar. 11, 2013); Signature Pharmacy, Inc. v. Soares, No. 6:08-cv-1853-Orl-31TBS, 2012 WL 4815726, at *3 (M.D. Fla. Oct. 10, 2012); In re Seroquel Products Liab. Litig., 2044 F.R.D. 650, 656 (M.D. Fla. 2007). When a party fails to cooperate in discovery, the requesting party can move for an order to compel the discovery. FED. R. CIV. P. 37(a)(3)(B)(iv).

On September 17, 2018, Defendants asked Plaintiff to complete and sign a Department of Justice Form DOJ-361 so that they can obtain records currenty within the custody of the federal government:

- 3 -

> Attached please find a Department of Justice Form DOJ-361 for your completion and execution. As you know, your Complaint in the above-referenced action concerns the solicitation of funds by Vedoutie Hoobraj a/k/a Shivonie Deokaran ("Deokaran") under the false pretenses of being a terminally ill cancer patient. As a result, you have directly placed in issue information maintained by the U.S. Government, specifically the Federal Bureau of Investigation, the Office of the United States Attorneys, and related agencies concerning the fraud. We will be requesting records from these government entities in relation to you and Deokaran. Please complete and execute the attached form to facilitate our request for records from the federal government.

(Doc. 46-1 at 1). Defendants' document requests include:

> [A]ll documents relating to an investigation, or request for an investigation, regarding wire fraud and/or allegations of fraudulent cancer fundraisers and solicitations by Vedoutie Hoobraj a/k/a Shivonie Deokaran, including but not limited to all communication with, investigation of, and sword statements by Niklesh Parekh, reports, investigative files, interviews, witness statements, photographs, and videos.

(Doc. 46 at 3-4). Defendants asked that the completed form be returned by September 21, 2018 (Doc. 46-1 at 1).

Where confidential information is relevant for discovery purposes, a court has authority to direct a party to provide a signed records release. Zaffis v. City of Altamonte Springs, Case No. 6:06-cv-385-Orl-31DAB, 2007 U.S. Dist. LEXIS 13267 (M.D. Fla. Feb. 27, 2007); Milsap v. Cornerstone Residential Mgmt., Case No. 05-60033-CIV-MARRA/SELTZER, 2006 U.S. Dist. LEXIS 102327 (S.D. Fla. Aug. 28, 2006); Morris v. Arizona Bev. Co., LLC, No. 03-60907-CIV, 2004 WL 5333299, at * 1 (S.D. Fla. Jan. 14. 2004) ("Plaintiff shall provide the executed unemployment compensation records release form to the Defendant within twenty (20) days of the date of this Order").

By the averments in his complaint, Plaintiff has put into issue the statements he made to the FBI and U.S. Attorney's office, his level of cooperation with authorities, and

his claimed lack of culpability (Doc. 1). The evidence Defendants seek goes to the heart of these issues and is necessary for the preparation of their defense. Thus, it is relevant and discoverable and Plaintiff has not presented good cause to shield it from disclosure.

## Conclusion

Upon consideration of the foregoing, Defendants' motion to compel (Doc. 46) is **GRANTED**. Plaintiff has **until October 31, 2018** to complete and execute the form attached to the motion as Exhibit A, page 2, and return it to Defendants' counsel for presentation to the relevant federal agencies.

Pursuant to FED. R. CIV. P. 37(a)(5)(A), Defendants are **AWARDED** their reasonable attorney's fees and costs to bring the motion to compel. The parties shall agree on the amount or, if they are unable to agree, Defendants shall have 14 days from the rendition of this Order to file their motion for fees and costs and Plaintiff will be allowed 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2018.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    *Pro se* Plaintiff