UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

     Plaintiff,

v.                           Case No:  6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

     Defendants.

_____

## ORDER

This case comes before the Court without a hearing on the following motion

papers:

- Defendant CBS Corporation's Motion to Compel Better Answers to Interrogatories (Doc. 52);

- Defendants' Motion to Compel Documents and Better Responses to Requests for Production (Doc. 53);

- Plaintiff's Response to Defendant CBS Corporation's Motion to Compel Better Answers to Interrogatories (Doc. 54); and

- Plaintiff's Response to Defendants' Motion to Compel Documents and Better Responses to Request for Production (Doc. 56).

## Background

Plaintiff Niklesh Parekh alleges that his former girlfriend, Vediutie Hoobraj a/k/a

Shavonie Deokaran falsely claimed to have Leukemia to obtain donations from friends,

family, and the community (Doc. 54 at 1). When Plaintiff learned the truth, he notified

local authorities and the media about Deokaran's scheme (Id.). Defendant CBS

Corporation and its reporter, Defendant Brian Conybeare reached out to Plaintiff for an

exclusive story (Id., at 1). Plaintiff gave Defendants an hour long recorded interview which

he believed would tell the world what really happened, and that Plaintiff was also one of Deokaran's victims (Id., at 2). Plaintiff complains that Defendants used the information he provided to falsely, maliciously, and with reckless disregard for the truth, publicly portray him as a co-conspirator in the scam (Id., at 2). Plaintiff believes Defendants did this to bolster their reputations, ratings, and finances (Id.). He alleges that the story, as published by Defendants, ruined his personal and professional reputation (Id.). Now, Plaintiff seeks declaratory and injunctive relief, damages, including "$15 million dollars in presumed damages (or an amount to be determined at trial)," $5 million in punitive damages, interest, costs and attorney's fees (Doc. 1 at 14-15).

On August 3, 2018, Defendant CBS Corporation served interrogatories, and both Defendants served requests for production on Plaintiff (Doc. 52 at 2; Doc. 53 at 2). Plaintiff's responses to this discovery were due September 4, 2018.[1] Plaintiff served unverified answers to the interrogatories and his response to the requests for production on September 11, 2018 (Doc. 52 at 3; Doc. 53 at 2). He served his verified answers to the interrogatories on September 13, 2018 (Doc. 52 at 3). Because Plaintiff's responses were untimely, he waived whatever objections he might otherwise have had. Bailey Indus., Inc. v. CLJP, Inc., 270 F.R.D. 662, 668 (N.D. Fla. Sept. 30, 2010) ("when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."). See also Bailey v. City of Daytona Beach Shores, 286 F.R.D. 625, 627 (M.D. Fla. Oct. 23, 2012) (collecting cases). The Court can excuse Plaintiff from his untimely responses for good cause. Wynmoor Community Council, Inc. v. QBE Ins. Corp., 280 F.R.D. 681, 685 (S.D. Fla. Mar. 5, 2012). Plaintiff has not sought leave of

---

[1] Responses to interrogatories and requests for production are due within 30 after being served. FED. R. CIV. P. 33(b)(2) and 34(b)(2)(A). The Court's calculation takes into account weekends and Labor Day.

Court to be excused from his failure to timely respond to this written discovery. Now, Defendants seek orders compelling Plaintiff to provide more complete responses to the discovery.

Before the motions to compel were filed, Plaintiff and defense counsel had an approximately two-hour meet-and-confer by telephone (Doc. 52 at 3; Doc. 54 at 11). During that discussion, Plaintiff agreed to supplement his responses to certain interrogatories (Id.). But, Plaintiff says his agreement was conditioned on CBS Corporation re-wording and re-organizing the interrogatories so that he could better understand them (Doc. 54 at 11). Plaintiff explains that "Defendants councils [sic] are seasoned lawyers who split hairs on a single word and had 5 different meanings for a single word. This is the reason Plaintiff asked defendants council to re-word, re-organize and re-send the questions to Plaintiff so Plaintiff could answer them." (Id., at 12). CBS Corporation argues that Plaintiff has no justification for not answering the interrogatories as originally propounded to him (Doc. 52, Fn. 2). The Court's Local Rules provide that: "No stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted." M.D. FLA. R. 4.15. Whatever agreement the parties reached during the meet-and-confer is unenforceable because all of the terms are not conceded, it is not in writing, and it was not made before the Court. And, the Court understands that Plaintiff has not provided amended answers to the interrogatories.

Plaintiff argues that both motions to compel should be denied because they are part of "a nuisance strategy" by defense counsel "to harass and bury Plaintiff with paper

- 3 -

work." (Doc. 54 at 25). As someone who is presumably unaccustomed to litigation, Plaintiff may find Defendants' written discovery burdensome but in fact, the volume and scope is unremarkable. Plaintiff also accuses Defendants and their lawyers of stonewalling his discovery (Doc. 56 at 11). If true, Plaintiff should move to compel discovery from Defendants. Their wrongdoing, if any, does not excuse Plaintiff from complying with the rules.

Plaintiff asserted general objections in response to Defendants' discovery (Doc. 52-2 at 3-4; Doc. 53-2 at 2-4). The rules leave no place for general objections to interrogatories and requests for production except in those rare cases where the same objection specifically applies to every interrogatory or request. As the court observed in Liguria Foods, Inc. v. Griffith Lab., Inc., "'[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.'" 320 F.R.D. 168, 184 (D. Iowa 2017). So-called "'generalized objections are inadequate and tantamount to not making any objection at all.'" Id. at 186 (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. at 916 (2013)).

Plaintiff also interposed objections to most of the individual discovery requests. For the most part, he objected that the discovery is "unduly burdensome, vague and ambiguous in that this information is readily available in Plaintiffs complaint;" the discovery "seeks facts already in Plaintiffs complaint and already in possession of or equally available to Defendants;" and "Defendants already have all facts which was given to them in an hour long recorded Skype interview." (Doc. 52-2; Doc. 53-2). Even if they had been timely asserted these objections are insufficient. "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). Since the Federal Rules of Civil Procedure were amended effective December 1, 2015, Rule 34 has

required a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 693685, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)); Gonzalez v. ETourandTravel, Inc., No. 6:13-CV-827-ORL-36, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014). Plaintiff's non-specific, generalized, boilerplate objections do not satisfy the requirements of Rules 33 and 34, and are overruled.

Now, the Court finds that Plaintiff has not fully answered the interrogatories or fully complied with the requests for production. Accordingly, the motions to compel are **GRANTED**. Plaintiff shall answer CBS Corporation's interrogatories in full, in writing, under oath **within 14 days from the rendition of this Order**. Plaintiff shall also produce all documents and things in his possession or control, that are responsive to the requests for production **within 14 days from the rendition of this Order**.

When a court grants a motion to compel, or if the discovery is provided after the motion is filed, the moving party is entitled to recover its reasonable expenses in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

None of the exceptions apply. Therefore, the Court finds that Plaintiff is liable to Defendants for their reasonable attorney's fees and costs incurred in connection with the motions to compel. Within **14 days from the rendition of this Order** Defendants shall make application for their fees and costs. Plaintiff will then have 14 days to respond. The parties may avoid this process by notifying the Court within the next 14 days that they have resolved the issue between themselves.

      **DONE** and **ORDERED** in Orlando, Florida on November 1, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Counsel of Record
      Unrepresented Parties