UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                           Case No:   6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants' Motion for Attorneys' Fees (Doc. 64) the supporting declaration of attorney Deanna K. Shullman (Doc. 65) and Plaintiff's Response and Motion for Reconsideration (Doc. 68). On October 19, 2018, the Court granted Defendants' Motion to Compel FBI Authorization, or in the Alternative, Order of Preclusion (Doc. 58). At that time, the Court determined that Defendants are entitled to an award of their reasonable attorney's fees incurred in bringing the motion and directed them to file an application for fees within fourteen days if the parties were unable to reach agreement regarding the amount (Id., ¶ 5). On October 30, 2018, Defendants filed the instant motion seeking $3,350 in attorneys' fees (Doc. 64). They also filed Ms. Shullman's declaration in support of the motion (Doc. 65).

In his Motion for Reconsideration/Response to Motion for Fees, Plaintiff restates the allegations that populate his complaint and argues that Defendants violated his due process rights when they failed to tell him the reason why they wanted him to sign the FBI authorization (Doc. 68 at 11). And, he asks the Court to afford him leniency as a *pro se* litigant (Id. at12-19). Plaintiff also asks for reconsideration in the title of his response, but

he does not address this issue in the body of his paper. The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration, but, it is generally understood that FED. R. CIV. P. 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright *et al.*, Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Reconsideration of a court's order is an extraordinary remedy and a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax Hosp. Medical Center, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). Plaintiff has not established any of these grounds for relief. Consequently, his motion for reconsideration is **DENIED**.

The Court utilizes the lodestar method to calculate a reasonable fee for the services rendered by Defendants' lawyers. Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299; Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010); see also Loranger v. Stierheim, 10 F.3d 776,

781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC, 476 F. App'x 198, 203 (11th Cir. 2012) (citing Hensley, 461 U.S. at 437).

"[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based on a number of factors including the results obtained. Ceres Envtl. Servs, 476 F. App'x at 203 (citing Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation, 442 F.3d 1283, 1289 (11th Cir. 2006)). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert

on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The attorney fee applicant should present records detailing the amount of work performed. Once the applicant produces adequate billing records the fee opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, * 9 (M.D. Fla. January 25, 2012) (quoting Centex-Rooney Const. Co., Inc. v. Martin Cty., 725 So.2d 1255, 1259 (Fla. App. Ct. 1999)).

The Court has considered the legal skill required to perform the work competently, and the skill and experience of the attorneys who staffed the matter. Now, after due consideration, the Court finds that the 1.6 billable hours expended by Ms. Shullman and the 10 billable hours expended by her associate Giselle Girones were reasonably expended on the motion to compel.

Next, the Court must calculate reasonable hourly rates for counsel. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. "The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates." Id. Ms. Shullman has been practicing law for approximately 17 years (Doc. 65, ¶ 4). She was in the top ten percent of her law school class, is a member and past-chair of the Florida Bar

Media & Communications Law Committee and a member of the ABA Forum on Communications Law where she previously served on the Governing Committee (Id., ¶¶ 3, 5). She has also lectured and written on defamation law issues (Id., ¶ 7). Considering Ms. Shullman's education, professional accomplishments, and specialization the Court finds the $375 per hour she billed for her time on this matter is reasonable. Defendants were charged $275 per hour for Ms. Girones' time (Id., ¶ 9). The Court is unaware of her qualifications but, Plaintiff has not objected to the reasonableness of the rates charged. After considering the quality of Ms. Girones' work product, the Court is comfortable with $275 per hour for her time on the motion to compel.

Based upon these findings, Defendants' motion (Doc. 64) is **GRANTED** and $3,350 in attorneys' fees is taxed in favor of Defendants and against Plaintiff in connection with Defendants' Motion to Compel FBI Authorization.

**DONE** and **ORDERED** in Orlando, Florida on November 16, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
*Pro se* Plaintiff