UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                           Case No: 6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

    Defendants.
_____

## ORDER

This matter comes before the Court without a hearing on Defendants' Motion for Attorneys' Fees (Doc. 71) and the supporting declaration of attorney Deanna K. Shullman (Doc. 72). There is no need to restate the facts of this case and its procedural history, both of which have been set forth in this Court's previous Orders. See (Docs. 42, 58, 66). On November 1, 2018, the Court granted Defendant CBS Corporation's Motion to Compel Better Answers to Interrogatories (Doc. 52) and Defendants' Motion to Compel Documents and Better Responses to Requests for Production (Doc. 53). See (Doc. 66). At that time, the Court determined that Defendants are entitled to an award of their reasonable attorney's fees incurred in bringing the motions and directed them to file an application for fees within fourteen days from the rendition of that Order (Id. at 6-7).

On November 13, 2018, Defendants filed the instant motion seeking $8,397.50 in attorneys' fees (Doc. 71). Defendants explained that,

> The Motions, however, were expansive. Plaintiff unjustifiably failed to provide complete answers and documents with respect to almost all of the standard discovery requests propounded upon him, requiring the expenditure of time to identify and compel responses to almost each request. Id. Further, Plaintiff initially promised to supplement some of his responses, then

> failed to do so, necessitating that Defendants revise the motions
> to compel to ask the Court to compel responses to requests they
> initially did not believe they would need the Court's assistance
> with. Id. Thus, Defendants' fees are reasonable when compared
> to the labor required to compel Plaintiff to provide better answers
> to CBS' interrogatories and provide responsive documents to the
> Defendants' requests for production.

(Id. at 4). The motion is supported by Ms. Shullman's declaration which contains an additional explanation of the requested fees (Doc. 72, ¶¶ 10-12). Plaintiff has not filed a response in opposition and the time to do so has passed; therefore, the Court treats the motion as unopposed. Foster v. Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) ("When a party fails to respond, that is an inclination that the motion is unopposed.") (citing Jones v. Bank of America, N.A., 564 F. App'x 432, 434 (11th Cir. 2014)); Strykul v. PRG Parking Orlando, L.L.C., Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015).

The Court employs the lodestar approach as the first step in calculating a reasonable fee for counsel's services. Hensley v. Eckerhart, 461 U.S. 424 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman, 836 F.2d at 1299; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. 437. "[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare occasions the factor of results obtained and, perhaps, enhancement for

contingency." Norman, 836 F.2d at 1299. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained. Schafler v. Fairway Park Condo. Assoc., 324 F. Supp. 2d 1302, 1313 (S.D. Fla. 2004) (citing Hensley, 461 U.S. at 434-435). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The amount of time billed is viewed as "[t]he most useful starting point for determining the amount of a reasonable fee." Hensley, 461 U.S. at 433. The attorney fee applicant should present records detailing the amount of work performed. Once the prevailing party produces adequate billing records, the fee opponent "has the burden of

pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, * 9 (M.D. Fla. January 25, 2012) (quoting Centex-Rooney Const. Co., Inc. V. Martin County, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999)).

Defendants seek reimbursement for 24.4 hours of associate time at the rate of $275 per hour and 4.5 hours of partner time at the rate of $375 per hour (Doc. 71 at 3). Defense counsel have filed a copy of their detailed time records in support of the motion (Doc. 72-2). The Court finds the hourly rates charged for the work performed are reasonable. See (Doc. 57 at 4). The Court also finds that the partner time expended on the motion is reasonable. But, the Court is not persuaded that 24.4 hours of associate time to draft, review, and revise the motion to compel is reasonable in this fee shifting situation. After due consideration, the Court finds that 18 hours is a reasonable amount for the work of the associate attorney. Accordingly, Defendant's motion is **GRANTED in part**. Attorney's fees in the amount of $6,637.50 are taxed against Plaintiff and in favor of Defendants.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Plaintiff
    Counsel of Record