# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                       Case No:   6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN CONYBEARE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion for Reconsideration Attorney's Fees and New Evidence of Agreement that Defendants Will Re-Word, Re-Organize Interrogatories and Request for Production (Doc. 77).

The rules do not specifically provide for the filing of a motion for reconsideration, but, it is generally understood that FED. R. CIV. P. 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Reconsideration of a court's order is an extraordinary remedy and a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax Hosp. Medical Center, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change

in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." McGuire, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." Id. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." Id. (internal quotations omitted). "To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied." Capitol Body Shop, Case No. 6:14-cv-6000-Orl-31TBS, Doc. 129 at 3 (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F. Supp. 198, 201-02 (S.D.N.Y. 1996)).

Plaintiff alleges that during a lengthy meet-and-confer with counsel for Defendants Plaintiff agreed to provide better answers to certain interrogatories based upon

Defendants' agreement to reword those interrogatories (Doc. 77 at 11). Plaintiff says that instead of rewording the interrogatories, Defendants sent him a letter telling him which interrogatories required better answers (Id.). Plaintiff then outlines the demands on his time and explains he is doing the best he can under the circumstances (Id., at 12). Next, Plaintiff provides a summary of Florida law on defamation including defamation per se and the recovery of punitive damages (Id., at 13-14). Lastly, he returns to his contention that Defendants were supposed to reword their interrogatories and that Defendants are taking advantage of him (Id., 15-16). Attached to Plaintiff's motion are copies of emails which do not support his motion for reconsideration.

The Court is not persuaded that there has been any change in the law, discovery of new evidence that was not previously available, or need to correct clear or manifest error. Instead, the motion for reconsideration attempts to relitigate the motion to compel that was decided against Plaintiff. Accordingly, the motion for reconsideration is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Plaintiff
    Counsel of Record