IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,   Case No.: 6:18-cv-466-Orl-PBG-TBS

  Plaintiff,

vs.

CBS CORPORATION d/b/a CBS NEWS
and BRIAN CONYBEARE,

  Defendants.
_____/

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Rules 4.18 and 3.01, Federal Rule of Civil Procedure 54, and this Court's January 9, 2019 Order ("the Order") (D.E. 104), Defendants CBS Corporation d/b/a CBS News[1] ("CBS") and Brian Conybeare (collectively, "Defendants") hereby move for their reasonable attorneys' fees in the amount of $117,284.24 and taxable costs in the amount of $7,990.54, against Plaintiff Nikhlesh Parekh ("Plaintiff"), and in support thereof state:

### Background

This action stems from an April 2, 2017 broadcast titled "Ex-Boyfriend Says Westchester Woman Lied About Having Cancer in Scam" ("the News Report"). Plaintiff filed suit against Defendants asserting claims for defamation claim and intentional infliction of emotional distress related to statements in the News Report. (D.E. 1). On June 6, 2018, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim because the challenged statements lacked defamatory meaning and were not of and concerning Plaintiff. (D.E. 19). Defendants

---
[1] Although Plaintiff has sued CBS Corporation, the proper party in this action is CBS Broadcasting Inc.

also argued Plaintiff's intentional infliction of emotional distress claim failed due to the single action rule. *Id*. In the motion to dismiss, Defendants raised the protections of Florida's anti-SLAPP statute ("the anti-SLAPP Statute"). *Id.*

Throughout the instant proceedings, Defendants have been forced to litigate an unsupportable defamation claim. Defendants apprised Plaintiff of the insupportable nature of his claims by filing a fully dispositive motion early in the case (D.E. 19). Plaintiff advocated for an aggressive case management schedule but thereafter consistently delayed Defendants' diligent attempts to proceed with discovery. Plaintiff's initial failure to respond, then failure to respond completely and in good faith to Defendants' discovery efforts forced Defendants to engage in motion practice and required this Court's intervention to force Plaintiff's compliance with basic procedural rules.

Upon completion of Plaintiff's deposition (which was postponed several times due to Plaintiff's failure to provide basic documents and information about his claims), Defendants moved for summary judgment. (D.E. 91). Grounds for the motion included Plaintiff's failure to comply with the notice requirement of Section 770.01, Florida Statutes and Plaintiff's failure to satisfy a single element of any purported defamation claim including failing to prove the challenged statements are false or defamatory, they are concerning him, and were made with the requisite level of fault. *Id*. Likewise, Defendants argued Plaintiff's intentional infliction of emotional distress claim also failed. *Id*. Defendants again invoked the protections of Florida's anti-SLAPP statute. *Id*.

On January 9, 2019, the Court entered an Order granting Defendants' Motion to Dismiss. (D.E. 104). The Court found Plaintiff failed to state a viable claim for defamation. *Id*. at p. 6. The Court also dismissed Plaintiff's intentional infliction of emotional distress claim pursuant to

Florida's single action rule. *Id*. at p. 9. Finally, the Court awarded Defendants their reasonable attorneys' fees and costs incurred in defending the action pursuant to the anti-SLAPP statute. *Id*. at 10. The Court reserved jurisdiction to determine the proper amount of Defendants' attorneys' fees and costs. *Id*. at 11. This motion for fees is timely pursuant to Local Rule 4.18 and Federal Rule of Civil Procedure 54.

<h2 style="text-align:center">Argument</h2>

### I. *Attorneys' Fees*

Florida's anti-SLAPP statute is designed to provide a "substantive right to immunity from abusive lawsuits that suppress First Amendment rights." *See Rosenthal v. Council on Am.-Islamic Relations, Fla., Inc.*, 45 Media L. Rep. 2664 (Fla. 17th Cir. Ct. Nov. 8, 2017). The statute mandates an award of the prevailing party's "reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." § 768.295(4), Fla. Stat. Pursuant to the anti-SLAPP statute, this Court awarded Defendants their "attorneys' fees and costs incurred in defending [the action]." (D.E. 104 at p. 10). Accordingly, the only remaining issue is the amount of fees to be awarded.

"An application for attorney's fees begins with the basic principle that the court is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). This Court previously found the hourly rates charged by defense counsel to be reasonable. *See* (D.E. 57, at 4) ("the rates charged by Defendants' attorneys are reasonable for the services rendered."); *see also* (D.E. 73, at 4-5) (finding rates charged by defense counsel to be "reasonable"); (D.E. 82, at 4) ("The Court finds the hourly rates charged for the work performed are reasonable."); Shullman Decl. at ¶ 12. Thus, the Court

need only determine whether the amount of time expended by defense counsel in this matter is reasonable.

Arriving at the amount of an attorneys' fees award requires the Court to calculate the "lodestar" by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the attorneys' services. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In terms of reasonable number of hours billed, a fee applicant must exercise "billing judgment." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Here, the hours worked and billed by defense counsel was reasonable given the facts and circumstances of this case.

Through December 31, 2018, the undersigned has expended a total of 184.3 hours at a rate of $375.00 litigating this matter up to and including the dispositive motion deadline in this Court's Case Management and Scheduling Order (D.E. 35). Shullman Decl. at ¶¶ 13-16; *see also* Ex. B. Giselle Girones, the associate assigned to this matter, expended a total of 305.9 hours of her time at a rate of $275.00 litigating this matter, up to and including the dispositive motion deadline in this Court's Case Management and Scheduling Order (D.E. 35). *Id.* Rachel Fugate, my partner, expended a total of 0.5 hours at a rate of $375.00 during the pendency of this action. *Id.* Allison Lovelady, a partner at the firm expended a total of 14.3 hours at a rate of $325.00 during the pendency of this action. *Id.* Alyssa Beene, the legal assistant assigned to this matter expended a total of 5.2 hours at a rate of $175 during the pendency of this action. *Id.* The total fees incurred by Defendants is $158,980.00. Of this amount, the Court has previously entered fee awards in the amount of $22,690.00. (D.E. 57, 73, 82, 107); *see also* Shullman Decl. at ¶ 14.

As the billing partner responsible for this matter and in the exercise of billing judgment, the undersigned wrote off fees during the course of this matter in the total amount of $13,050.76.

Shullman Decl. at ¶ 13. In further exercise of billing judgment, the undersigned has eliminated from this fee application fees in the amount of $1,097.50, representing the hours worked by Ms. Beene and Ms. Fugate, who each played minor, though appropriate, roles in this matter. *Id*. Thus, the total write-offs and discounts provided by defense counsel in exercising billing judgment is $14,148.26. *Id*. Moreover, Defendants acknowledge the Court has declined to award fees in the amount of $4,857.50 in connection with discovery disputes for which other fees were awarded, and has reduced the amount sought in this fee application by this amount. *Id*. at ¶ 14.

Therefore, after deleting the time described above, and including any discounts, write-offs and fees already awarded to Defendants by this Court, the fees sought in this fee application are reflected in the following chart:

| | |
|---|---|
| Fees incurred in defending the action through December 31, 2018 | **$158,980.00** |
| Fees awarded to Defendants' pursuant to various discovery disputes. *See* (D.E. 57); (D.E. 73); (D.E. 82); (D.E. 107) | ($22,690.00) |
| Fees Defendants' applied for, but this Court rejected in connection with discovery disputes. *See* (D.E. 82); (D.E. 107) | ($4,857.50) |
| Amount of fees discounted and/or written-off pursuant to the undersigned exercising billing judgment | ($14,148.26) |
| Total amount of fees sought to be recovered | **$117,284.24** |

Thus, the total lodestar amount of fees sought is $117,284.24. Shullman Decl. at ¶¶ 13-15. This amount is both reasonable and appropriate in light of the nature of this litigation.

The Court may consider the nature of Plaintiff's litigation efforts and whether it contributed to the effort required by defense counsel. *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986). A party cannot "litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing party] in response." *Id*. Defense counsel made every effort to streamline the instant proceedings and get to the ultimate issues raised in the motion to dismiss as quickly and efficiently as possible. However, Plaintiff's request for an aggressive case management schedule paired with his dilatory and evasive tactics during discovery – as explained above and evidenced in the pleadings and time entries in this matter – unnecessarily increased costs during this litigation. Shullman Decl. at ¶ 16.

Indeed, Plaintiff consistently declined to meaningfully participate in discovery, frequently informing defense counsel to "take it up with the Court" rather than work to resolve the disputed matter. As a result, beyond the routine but essential preparation of discovery and based on the wholly insufficient responses and documents received, Defendants were required to conduct multiple, unsuccessful, lengthy meet and confers with Plaintiff concerning discovery disputes (sometimes engaging in telephone conferences that lasted more than two hours, only to accomplish nothing of any benefit to resolving a disputed issue); research and prepare five motions to compel Plaintiff to comply with his basic discovery obligations and this Court's orders; respond to Plaintiff's baseless motion to compel; prepare various motions for attorneys' fees and costs concerning the five motions to compel in order to secure fees awarded by the Court; serve numerous public records requests on various local, state, and federal agencies as due to Plaintiff's failure to be forthcoming with any of his discovery responses and supply requested records, some which required the preparation of appeals in order to obtain the requested documents; investigate and interview multiple witnesses due to Plaintiff's refusal to cooperate

and supply basic information (such as names) about individuals with knowledge of his claims; prepare for and attend mediation; prepare for and attend a hearing on a motion for sanctions; prepare (twice) for Plaintiff's deposition; develop, coordinate and implement the litigation strategy and discovery plan in this matter; prepare motions to extend the discovery and dispositive motion deadlines due to Plaintiff's failure to comply with his discovery obligations; and prepare a detailed motion for summary judgment and all related briefing, including preparation of numerous affidavits and evidence in support of same. Shullman Decl. at ¶ 16.

Though defense counsel quickly moved to dismiss the claims, it would have been imprudent, or even reckless, for defense counsel to assume Defendants would prevail on that motion and thereafter fail to formulate and execute a discovery plan given the Court's scheduling order. Therefore, the fact that the motion to dismiss was pending should not provide cover to Plaintiff against an award of fees reasonably incurred in thereafter defending this action while that motion was pending. Moreover, defense counsel made several adjustments to its discovery plan based on its motion to dismiss. For example, Defendants interviewed witnesses rather than depose them, making a calculation that their testimony would not likely be needed for trial. Defendants declined to hire a damages expert, again calculating that the matter would be resolved on a dispositive motion and thus they should not incur the additional expense of securing expert testimony. Accordingly, while Defendants did not presume the Court would grant their motion to dismiss, they did take steps to lower the costs of defending the action based on their reasonable belief that a dispositive motion would be granted in this case.

The amount of time expended is reasonable and consistent with the undersigned's vast experience in defending a defamation lawsuit, particularly, where, as here, the claims are initially considered by defense counsel (and ultimately this Court) to be untenable. *See* (D.E. 104 at p.

11) (Court declining leave to amend finding "the underlying facts are incapable of stating a defamation claim"). Moreover, when a prevailing party achieves "excellent results," his or her attorney is entitled to a "fully compensatory fee" that "[n]ormally…will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435; *see also Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) ("if the result was excellent, then the court should compensate for all hours reasonably expended"). Indeed, in some instances, "an enhanced award may be justified." *Id*.

In the instant case, Defendants obtained a degree of success that can be characterized as excellent. Defendants prevailed on *all* claims brought by Plaintiff based on the grounds set forth in their motion to dismiss and obtained dismissal of Plaintiff's claims with prejudice pursuant to Florida's anti-SLAPP statute. (D.E. 104). Defendants are not seeking an enhancement of the fees; rather, they simply seek reimbursement of the fees reasonably incurred in defending against Plaintiff's meritless claims.

Thus, the amount of fees sought is reasonable when compared to the amount, complexity and nature of the labor required to litigate against Plaintiff's baseless suit and to protect their First Amendment rights. For these reasons, Defendants request this Court award their reasonable attorneys' fees incurred in litigating this matter in the amount of $117,284.24.

## II. Taxable Costs

The Court also awarded to Defendants their taxable costs pursuant to Florida's anti-SLAPP statute. (D.E. 104 p. 10-11). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any federal court may tax: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any

materials where the copies are necessarily obtained for use in the case; and (5) docket fees under 28 U.S.C. § 1923. Defendants have incurred $7,990.54 in taxable costs in this action in connection with the preparation of the transcript of Plaintiff's deposition, which had to be expedited due to the timing of the deposition, which was taken outside the discovery period (with the Court's permission) because Plaintiff failed to cooperate prior to the close of discovery, as well as the preparation of the transcript of the December sanctions hearing before this Court. Defendants' Bill of Costs and supporting documents containing the relevant costs incurred by Defendants in defense of this matter are filed simultaneously herewith. Defendants request a cost award in the amount of same.

**Conclusion**

Defendants are entitled to their lodestar amount of attorneys' fees and costs incurred in connection with this matter. These fees and costs are reasonable and compensable, were incurred only as a result of Plaintiff's meritless and frivolous lawsuit, and necessary to protect Defendants' First Amendment rights. As such, Defendants request this Court award them their reasonable fees in the amount of $117,284.24 and taxable costs in the amount of $7,990.54 in connection with this matter.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), and as stated above, the undersigned counsel certifies that defense counsel contacted Plaintiff multiple times via email and/or telephone on January 17, 2019, January 22, 2019, and January 23, 2019. Defense counsel left substantive voice mail messages on each of Plaintiff's two phone numbers on both January 22 and January 23, 2019. Despite defense counsel's repeated efforts to encourage Plaintiff to engage in a discussion of this

matter, Plaintiff failed to respond, thereby refusing to confer defense counsel on the issues addressed herein.

Dated: January 23, 2019

SHULLMAN FUGATE PLLC
*/s/ Deanna K. Shullman*
Deanna K. Shullman
Florida Bar No. 0514462
Giselle M. Girones
Florida Bar No. 124373
2101 Vista Parkway, Suite 4006
West Palm Beach, FL  33411
Tel: (561) 429-3619
dshullman@shullmanfugate.com
ggirones@shullmanfugate.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served via U.S. Mail and Electronic Mail on January 23, 2019 on the individual in the below service list.

*/s/ Deanna K. Shullman*
Deanna K. Shullman

## SERVICE LIST

Plaintiff, *pro se*:

Nikhlesh Parekh
samosanyc@gmail.com
4683 Summeroak Street, Suite 2105
Orlando, FL 32835
Telephone:  914-305-0338