UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                Case No:   6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court are Defendants' Motion for Attorneys' Fees and Costs (Doc 108), and Defendants' Motion to Convert Attorney Fee Orders to Judgment (Doc. 112). Plaintiff Niklesh Parekh has not responded to the motions and the time for him to do so has expired. Upon due consideration I respectfully recommend that both motions be **granted**.

## I. Background

On April 2, 2017, Defendant CBS Corporation broadcast a news report titled "Ex-Boyfriend Says Westchester Woman Lied About Having Cancer in Scam (Doc. 1, ¶¶ 12, 14; Doc. 108 at 1). Defendant Brian Conybeare was the reporter who presented the story (Id.). After the story ran, Plaintiff Niklesh Parekh filed a *pro se* lawsuit against Defendants, alleging that they had falsely reported that he had engaged in criminal activity and that he had behaved in a manner unbecoming to his profession (Doc. 1). Plaintiff sought damages and other relief for defamation and the intentional infliction of emotional distress (Id.).

Defendants motioned the Court to dismiss the complaint on the grounds that the

news report was not defamatory as a matter of law; one of the statements about which Plaintiff complained did not concern him; and Plaintiff's lawsuit violated Florida's law on Strategic Lawsuits Against Public Participation ("anti-SLAPP"), FLA. STAT. § 768.295(4) (Doc. 19).

Plaintiff failed to cooperate in discovery which lead to multiple motions which were decided in Defendants' favor (Docs. 39, 46, 52, 53, 74). This resulted in the Court awarding Defendants their reasonable attorney's fees on three occasions: $3,055.00 on October 19, 2018 (Doc. 57); $3,350.00 on November 16, 2018 (Doc. 73); and $9,647.50 on January 16, 2019 (Doc. 107). Plaintiff has not paid these fee awards and Defendants are now asking that they be reduced to judgment (Doc. 112).

On January 9, 2019, the Court granted Defendants' motion to dismiss (Doc. 104). It found that Plaintiff had not stated a cause of action and that any attempt on his part to amend his complaint would be futile (Id.). The Court also found that Plaintiff's lawsuit violated the anti-SLAPP statute because it was "'without merit'" and arose out of Defendants' exercise of their "'constitutional right of free speech in connection with a public issue.'" (Id., at 10) (citing FLA. STAT. § 768.295(2)(a) and (3)). The Court determined that Defendants, as the prevailing parties under the anti-SLAPP statute, are entitled to recover their reasonable attorney's fees and costs from Plaintiff (Id.). Defendants have now filed their application for attorney's fees (Doc. 108), and a Bill of Costs (Doc. 110). On February 12, 2019 the Clerk taxed Defendant's costs against Plaintiff (Doc. 116).

Plaintiff has filed a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e) based upon the availability of newly discovered evidence and the need to correct clear error or prevent manifest injustice (Doc. 111). After reviewing Plaintiff's motion I fail

to see what new evidence he is referring to. Instead, his motion simply reargues his position and explains why he thinks the Court erred in its ruling on the motion to dismiss.

Plaintiff also filed a motion for an extension of time to respond to Defendants' motion for attorney's fees and Bill of Costs (Doc. 113). This motion was denied without prejudice because it did not comply with Local Rule 3.01(g) (Doc. 115). Plaintiff has not refiled the motion.

In its dismissal Order the Court "retain[ed] jurisdiction to determine the proper amount of any award of attorneys' fees and costs." (Doc. 104 at 11). This amount, together with Defendants' request that the Court reduce earlier fee awards to judgment are the matters pending before the Court.

## II. Legal Standard

The Court is required to utilize the "lodestar approach" to calculate a reasonable attorney's fee. See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).

The first step in determining the lodestar is to assess the reasonable number of hours expended. Jackson, 2010 WL 750301, at *3-4. The fee applicant bears the burden of documenting the appropriate number of hours. See United States v. Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995). The second step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for

similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger, 10 F.3d at 781; see also Jackson, 2010 WL 750301, at *2-3. The following twelve factors, originally set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), are also considered in calculating a fee award:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases.

Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. at 170.

The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." In most cases, "satisfactory evidence" consists of something more than the affidavit of the attorney performing the work. Loranger, 10 F.3d at 781. In other cases, district courts have considered the affidavit of the attorney performing the work as the best evidence of the prevailing market rate. See Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citing Blum v. Stenson, 465 U.S. 886, 896 (1984))

"Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained." Hatfield v. A+Nursetemps, Inc., No, 5:11-cv-416-Oc-10TBS, 2012 WL 2087167, at *1 (M.D. Fla. June 8, 2012), "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these

determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. Cty. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The attorney fee applicant should present records detailing the amount of work performed. Once the prevailing party produces adequate billing records, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mut. Fire Ins. Co., No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, * 9 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., Inc. V. Martin Cty., 725 So.2d 1255, 1259 (Fla. App. Ct. 1999)).

### III. Discussion

#### A. Attorney's Fees

Deanna K. Shullman is Defendants' lead attorney. She earned a Bachelor of Science degree in television/radio in 1995, and a master's degree in mass communication and a law degree in 2001 (Doc. 109, ¶ 3). Ms. Shullman was admitted to the Florida Bar in 2001 and specializes in media and intellectual property law (Id., ¶¶ 2, 4). She is a member and past-chair of the Florida Bar Media & Communications Law Committee and a member of the ABA Forum on Communications Law where she has served on the Governing Committee and several sub-committees (Id., ¶ 5).

Defendants are also represented by Giselle Girones, who obtained her Bachelor of Arts degree in Communications and Sports Management in 2013 and her law degree in

2016 (Id., ¶ 9). Ms. Girones is the Chair of the Education and Outreach subcommittee of The Florida Bar's Media & Communications Law Committee and serves on the ABA Forum on Communication Law's Media Advocacy Workshop and the ABA's IP Law Section CLE Board (Id., ¶ 10). She specializes in content (including media content), intellectual property and business law (Id., ¶ 9). Attorney Allison Lovelady, a member of The Florida Bar since 2009, also provided services to Defendants (Id., ¶ 11). Ms. Lovelady concentrates her practice on defamation, privacy, and intellectual property claims (Id.).

The attorneys and paraprofessionals representing Defendants billed a total of $158,980.00 in fees (Id., ¶ 13). Ms. Shullman exercised her billing judgment to write off $13,050.76 before billing her clients (Id.). In preparing this fee application, Ms. Shullman wrote off an additional $1,097.50 (Id.). Defendants' current fee application has been further reduced by the $22,690.00 already awarded in connection with discovery motions, and the $4,857.50 which I previously found inappropriate to be shifted to Plaintiff (Id.). Now, Defendants are asking the Court to reduce to judgment the $22,690.00 already awarded, and award an additional $117,284.24, making a total of $139,974.24.

After excluding hours that were written-off, or for which fees have previously been awarded, Defendants seek reimbursement for 149.7 hours billed by Ms. Shullman; 237.2 hours billed by Ms. Girones; and 14.3 hours billed by Ms. Lovelady (Id., ¶ 15). Counsel have provided their time records which support the hours claimed (Doc. 109-2). In analyzing the time for which reimbursement is sought I have considered the novelty and difficulty of the questions presented in this case, the skill necessary to represent Defendants properly, and the time and labor otherwise reasonably required to defend Defendants. I have also considered that the representation of Defendants did not

preclude counsel from accepting other engagements; this case was not undesirable; and neither Defendants or the circumstances imposed any special time limitations on counsel. Lastly, Defendants' attorneys worked on an hourly rate basis and they obtained an excellent result. After due consideration I find the reduced hours for which reimbursement is sought to have been reasonable and necessarily expended on Defendants' behalf.

I have previously found that the hourly rates charged: $375 for Ms. Shullman; $275 for Ms. Girones; and $325 for Ms. Lovelady are reasonable considering the experience, reputation and ability of these attorneys and their law firm's pre-exiting relationship with CBS Corporation (Doc. 57 at 4). Now, I again find, based upon my knowledge of the rates charged for similar services in this district that counsel's hourly rates are reasonable.

Multiplying counsels' reasonable hours billed by their hourly rates produces the following results:

| Timekeeper | Hours | Rate | Subtotal |
|---|---|---|---|
| Ms. Shullman | 149.7 | $375 | $56,137.50 |
| Ms. Girones | 237.2 | $275 | $65,230.00 |
| Ms. Lovelady | 14.3 | $325 | $4,647.50 |
| | | Sub-Total | $126,015 |
| Less Discounts Given | | | ($8,730.76) |
| | | Sub-Total | $117,284.24 |
| Add Fees Previously Awarded | | | $22,690.00 |
| | | **Total** | **$139,974.24** |

Now, I respectfully recommend the Court reduce to judgment the $22,690.00 in fees already awarded to Defendants, and that the Court add to that sum, an additional $117,284.24 in fees due to Defendants from Plaintiff pursuant to the anti-SLAPP statute.

### B. Costs

The Clerk has already taxed Defendants' costs against Plaintiff.

### IV. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** the Court:

(1) **GRANT** Defendants' Motion to Convert Attorney Fee Orders to Judgment (Doc. 112);

(2) **GRANT** Defendants' Motion for Attorneys' Fees and Costs (Doc. 108); and

(3) **ENTER** a single judgment for Defendants and against Plaintiff for $139,974.24 in attorney's fees that accrues interest at the rate prescribed by law.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 14, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties