UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                                  Case No:   6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants' Motion to Strike Plaintiff's Impermissible Replies (Doc. 123). Plaintiff has filed a response in opposition to the motion (Doc. 124).

*Pro se* Plaintiff Niklesh Parekh complained that Defendants CBS Corporation and Brian Conybeare published a defamatory news report that portrayed him "as a scam or as a man who lied for money." (Doc. 1, ¶ 5). The Court granted Defendants' motion to dismiss Plaintiff's complaint after finding that one of Defendants' statements did "not concern Parekh or imply any defamatory facts about Parekh," and the other statement "is not reasonably capable of a defamatory meaning." (Doc. 104 at 7-8). The Court also rejected Plaintiff's claim of intentional infliction of emotional distress because it violated Florida's single action rule (Id., at 9-10). The Court did not give Plaintiff leave to amend his complaint, finding that any attempt to amend would be futile (Id., at 10-11). Lastly, the Court awarded Defendants their reasonable attorney's fees and costs pursuant to Florida's anti-SLAPP statute, FLA. STAT. § 768.295(3) (Id.). Plaintiff has filed a motion to

alter or amend judgment pursuant to FED. R. CIV. P. 59(e)[1] (Doc. 111). As grounds, he alleges the availability of new evidence and the need to correct clear error or prevent manifest injustice (Id., at 1). In my view, what the motion really seeks is to reargue the merits of issues upon which the Court has already ruled.

Defendants filed a motion for the award of their attorney's fees (Doc. 108), and a separate motion to reduce to judgment, fee awards they received in discovery disputes (Doc. 112). These motions were referred to me for report and recommendations. On February 13, 2019, I recommended that Defendants' motions be granted and that judgment in the amount of $139,974.24 be entered for Defendants and against Plaintiff (Doc. 117). Plaintiff filed a timely objection to my report and recommendations (Doc. 118), and Defendants have responded to the objections (Doc. 120). After Defendants filed their response Plaintiff filed an unauthorized reply which repeats much of what he told the Court in his objections to the report and recommendations (Doc. 121).

Plaintiff has filed a motion to supplement his Rule 59(e) motion (Doc. 119). In the motion to supplement he takes issue with the Court's reasons for dismissing the case, alleges the existence of new evidence, and recounts part of his life story leading up to the filing of the case (Id.).

Plaintiff has also filed a second motion for leave to supplement his Rule 59(e) motion (Doc. 122). In the second motion to supplement Plaintiff offers what he says is new evidence of misconduct on the part of Defendants. Specifically, he alleges that they interfered with his relationships with the University of Central Florida and the City of Miami Beach to oppress him and control the outcome of this case (Id., at 1-2). Plaintiff

---

[1] Rule 59 provides grounds for altering or amending a judgment, or granting a new trial. Rule 59(e) states that the "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

also complains about Defendants' alleged failures to meet, confer, and provide discovery (Id., at 3-4). Once again Plaintiff recounts part of his life story leading up to the filing of this case (Id., at 4-14). Plaintiff also repeats arguments he has made before concerning Defendants' obligations, that they acted intentionally, that they have lied and deceived, and that they are attempting to bully him (Id., at 14-15.). Finally, Plaintiff demands an explanation for their actions from Defendants, asks the Court to review the facts, vacate the dismissal Order, and give him leave to amend his complaint (Id., at 15-20).

Defendants have motioned the Court to strike Plaintiff's Motion to Supplement/Present New Evidence in Support of His 59(E) Motion and Clarity on "Second Statement" (Doc. 119); Plaintiff's Response to Defendants Memorandum in Opposition to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation and Intentional Misconduct by Defendants with Business Relationships to Harass, Oppress and Control the Out Come of this Lawsuit (Doc. 121); and Plaintiff's Motion to Supplement/Present New Evidence in Support of His 59(E) Motion and Intentional Misconduct by Defendants with Business Relationships to Harass, Oppress and Control the Out Come of this Lawsuit (Doc. 122). They argue that all three motions are in fact replies that were not authorized by this Court, and which do not contain any arguments or facts that are germane to the issues now before the Court (Doc. 123 at 2). In his response, Plaintiff counters that Defendants have continually violated this Court's rules, and in particular, Local Rule 3.01(g) (Doc. 124 at 1-2).

Local Rule 3.01(c) states that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." There is nothing inherently wrong with a motion to supplement that is intended to bring to the Court's attention new information, be it evidence or law, that was

not previously available, and which may assist the Court in reaching the right decision in a case. But Plaintiff's motions do not supply information that is new or pertinent to the issues before the Court. Instead, Plaintiff repeats allegations and arguments the Court has heard and before and found lacking. It is as if Plaintiff thinks that if he says the same things enough times, he will ultimately achieve a different result. But that is not the purpose of a motion to supplement (or for that matter, a reply).

The district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). District courts have broad discretion in making this determination. Id.; Honus Wagner Co. v. Luminary Grp. LLC, No. 17-cv-61317-BLOOM/Valle, 2017 WL 6547899, at *4 (S.D. Fla. Dec. 21, 2017). When it evaluates a motion to strike, the court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999). Motions to strike are generally disfavored and are often considered "time wasters." Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Harty v. SRA/Palm Trails Plaza, LLC, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted). Striking all or part of a pleading is a "drastic remedy to be resorted to only when required for the purposes of justice." Jackson v. Grupo Indu. Hotelero, S.A., No. 07-22046-CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) (internal quotation marks omitted). A motion to strike pursuant to Rule 12(f) must be made "before responding to the pleading or, if a response is not allowed, within 21 days

after being served with the pleading." FED. R. CIV. P. 12(f)(2). Defendant's pending motion to strike, if filed pursuant to Rule 12(f), would have properly been denied as untimely.

The Court did not authorize the filing of Plaintiff's motions to supplement or his response in opposition to Defendants' response to his objections to the report and recommendations. And, these papers do not assist the Court in resolving any pending issues. To the contrary, they waste the Court's time in having to read assertions and arguments it has heard before. Therefore, the motion to strike is **GRANTED**, and Plaintiff's Motion to Supplement/Present New Evidence in Support of His 59(E) Motion and Clarity on "Second Statement" (Doc. 119); Plaintiff's Response to Defendants Memorandum in Opposition to Plaintiff's Objection to the Magistrate Judge's Report and Recommendation and Intentional Misconduct by Defendants with Business Relationships to Harass, Oppress and Control the Out Come of this Lawsuit (Doc. 121); and Plaintiff's Motion to Supplement/Present New Evidence in Support of His 59(E) Motion and Intentional Misconduct by Defendants with Business Relationships to Harass, Oppress and Control the Out Come of this Lawsuit (Doc. 122) are **STRICKEN** from the docket.

**DONE** and **ORDERED** in Orlando, Florida on April 11, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Pro se Plaintiff