UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NIKLESH PAREKH,

    Plaintiff,

v.                                             Case No:   6:18-cv-466-Orl-40TBS

CBS CORPORATION and BRIAN
CONYBEARE,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Stay the Court's April 22, 2019 Judgment Pending Appeal (Doc. 133). The Court has also considered Defendants' Memorandum in Opposition to Plaintiff's motion (Doc. 134).

*Pro se* Plaintiff Niklesh Parekh complained that Defendants CBS Corporation and Brian Conybeare published a defamatory news report that portrayed him "as a scam or as a man who lied for money." (Doc. 1, ¶ 5). The Court granted Defendants' motion to dismiss Plaintiff's complaint after finding that one of Defendants' statements did "not concern Parekh or imply any defamatory facts about Parekh," and the other statement "is not reasonably capable of a defamatory meaning." (Doc. 104 at 7-8). The Court also rejected Plaintiff's claim of intentional infliction of emotional distress because it violated Florida's single action rule (Id., at 9-10). The Court subsequently awarded Defendants their reasonable attorney's fees and costs pursuant to Florida's anti-SLAPP statute, FLA. STAT. § 768.295(3), and judgment in the amount of $139,974.24 was entered against Plaintiff and in favor of Defendants (Id.; Doc. 129). Plaintiff filed a notice of appeal and the case material was transmitted to the United States Court of Appeals for the Eleventh

Circuit (Doc. 130; Doc. 131). Now, Plaintiff seeks a stay of the judgment during the pendency of his appeal to the Eleventh Circuit (Doc. 133).

Federal Rule of Civil Procedure 62 advises that a district judge may stay the enforcement of a judgment pending an appeal if the movant can show that (1) he is likely to prevail on the merits of his appeal; (2) he will suffer irreparable harm if the stay is not imposed; (3) the opposing party will not suffer substantial harm if the stay is imposed; and (4) the stay is not adverse to public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see also Breedlove v. Hartford Life & Acc. Ins. Co., No. 6:11-CV-991-ORL-28, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013) (citing Allied Veterans of the World, Inc. v. Seminole County, Fla., Case No. 6:11-cv-155-Orl-28DAB, 2011 WL 3958437 *1 (M.D. Fla. Sept.8, 2011); Hernandez v. Dugger, 839 F. Supp. 849, 851 (M.D. Fla.1993)).

1. *Likelihood of Success on the Merits*

Plaintiff argues that he is likely to prevail on the merits of his appeal because the district court erred in awarding fees under Florida's anti-SLAPP statute (Doc. 133 at 3). On January 9, 2019, the Court granted Defendants' motion to dismiss and found the facts of the case satisfied both requirements of Florida's anti-SLAPP law:

> Defendants asserts that Plaintiff's complaint falls within Florida's anti-SLAPP statute and that they should be awarded attorneys' fees and costs incurred in defending it. (Doc. 19, pp. 13-15). The anti-SLAPP statute prohibits anyone from bringing a lawsuit that is "without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3) (emphasis added). This case meets both requirements of Florida's anti-SLAPP law. First, as detailed above, Plaintiff's lawsuit is "without merit." *Id.* Second, this lawsuit arises out of Defendants' exercise of their "constitutional right of free speech in connection with a public issue" because the News Report constitutes a "written or oral statement that is protected under applicable law," and was "made in or in connection with" an "audiovisual work . . . news

> report, or other similar work. *Id.* § 768.295(2)(a). Under the anti-SLAPP law, an award of reasonable attorneys' fees and costs is mandatory in these circumstances. See id. § 768.295(4) ("The Court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section."); *see also Boling v. WFTV, LLC*, 2018 Fla. Cir. LEXIS 1860 (Fla. Orange County Ct. Feb. 28, 2018).

(Doc. 104 at 10). Plaintiff asserts that on appeal he will show that the anti-SLAPP statute is not applicable to cases in federal court (where Federal Rules of Civil Procedure 12 and 56 should be applied) and "Defendants failed to show that the suit was based on some activity that would qualify as an exercise of the [Defendants] First Amendment right." (Doc. 133 at 8-9).

Contrary to Plaintiff's assertions, the law is clear that Florida's anti-SLAPP statute is a "supplement," not a substitute for the federal rules. Davis v. McKenzie, 2017 U.S. Dist. LEXIS 183519, at*7-8 (S.D. Fla. Nov. 3, 2017). Moreover, the Court's dismissal of Plaintiff's claim was only partly based on Florida's anti-SLAPP statute (Doc. 104 at 10). The Court also determined that dismissal was warranted because (1) Plaintiff failed to sustain a cause of action for defamation under Florida law, and (2) Plaintiff's intentional infliction of emotional distress claim violated Florida's single action rule and was therefore insufficient (Id. at 5-10).

Plaintiff has failed to demonstrate that his challenge to the applicability of Florida's anti-SLAPP statute is likely to result in the appeals court overturning the dismissal order. So, Plaintiff has failed to show the likelihood of his successful challenge to the merits of the district court's order.

This Court also rejects Plaintiff's contention that he is likely to succeed on his argument that he was denied a rightful opportunity to amend his complaint. The district

judge addressed the possibility of amendment in the dismissal order and determined that "due to the deficiencies exhibited in Plaintiff's Complaint, amendment would be futile because the underlying facts are incapable of stating a defamation claim." (Id. at 11) (citing Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005)). The district court enjoys "extensive discretion" in deciding whether to grant a plaintiff leave to amend when the amendment would be futile. Quillet v. Jain, 2013 WL 12385345, at *2 (M.D. Fla. Sept. 17, 2013) (citing Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999)). On this record, Plaintiff has not shown that he is likely to succeed in his challenge to the Court's exercise of discretion.

Accordingly, this factor weighs against Plaintiff.

### 2. Likelihood of Irreparable Injury

Plaintiff argues that he will sustain irreparable harm if the Court refuses to stay the judgment pending his appeal (Doc. 133 at 12-13). Plaintiff explains that enforcement of the judgment would render him bankrupt (Id. at 13). He maintains that to enforce the $139,974.24 judgment, Defendants would be required to seize his assets; examine him in court to locate unknown assets; suspend his driver's license; suspend his professional license; and place a lien on his "land, buildings, or residence" (Id.). Plaintiff's assertions are insufficient. Plaintiff has not explained why his driver's license would be suspended or why the imposition of the judgment would affect any professional licenses he may possess (the Court is unaware of any). Plaintiff has also not demonstrated that he owns any land, buildings or residence or why, if he has a residence, it is not protected by the Florida homestead exemption. Consequently, Plaintiff has failed to satisfy his burden of providing specific proof in support of his conclusions. See FTC v. Publishing Clearing

House, CV-S094-623-PMP (LRL), 1995 U.S. Dist. LEXIS 21150, at * (D. Nev. July 12, 1995). This factor weighs against Plaintiff.

### 3. Remaining Hilton Factors

Plaintiff has failed to address the remaining Hilton factors, and has therefore failed to meet his burden of proving that the Court should stay the execution of a judgment. See Hand v. Scott, 888 F.3d 1206, 1221 (11th Cir. 2018).

For the foregoing reasons, Plaintiff's motion to stay the judgment is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
*Pro se* Plaintiff